IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| BALL, BOUNCE AND SPORT, INC.<br>(A corporation)<br>dba HEDSTROM,<br><br>　　　Plaintiff,<br><br>vs.<br><br>PAPERMATES, INC.<br>(A corporation)<br>dba NOTEWORTHY,<br><br>　　　Defendants. | Civil Action No.<br><br><br><br><br>**COMPLAINT FOR**<br>**PATENT INFRINGEMENT** |

Plaintiff, Ball, Bounce & Sport, Inc. ("Hedstrom") filed this Complaint against Defendants Papermates, Inc. ("Noteworthy") based upon actual knowledge as to itself and its own actions, and upon information and belief as to all other persons and events, herein complains and alleges as follows:

**Parties**

1. Hedstrom is an Ohio corporation having facilities in Ashland, Ohio. Hedstrom is the assignee and owns all right, title, and interest to U.S. Patent No. D629,056 referred to below as the '056 Patent.

2. Noteworthy is a corporation with headquarters in Chatsworth, California. Noteworthy, manufactures and sells a variety of products including novelty balls.

**Jurisdiction and Venue**

3. This claim arises under United States Patent Laws, 35 U.S.C. 1 et seq. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338(a)

4. Defendants have regularly engaged in business in the State of Ohio and purposely availed themselves of the privilege of conducting business in Ohio, by offering for sale, selling and shipping products to and within Ohio. Accordingly, this Court has personal jurisdiction over the Defendants.

5. Venue is proper in the District and Division, under 28 U.S.C. §1391 and 1400. The Defendants do business, have infringed, and continue to infringe the '056 Patent within this District and Division.

COUNT 1

6. On December 14, 2010, after a full and fair reexamination, the United States Patent and Trademark Office duly and legally issued United States Patent No. D629,056, entitled "Toy Ball Having Protruding Lobes". A true and correct copy of the '056 Patent is attached as Exhibit 1. Hedstrom owns all right, title and interest in the '056 Patent.

7. The ball protected by the '056 patent is sold by Hedstrom in interstate commerce. The ball sold by Hedstrom includes patent notice of the '056 patent.

8. The Defendants have infringed and are continuing to infringe the '056 Patent by engaging in acts including making, using, selling and/or offering for sale, or importing into the United States, products that embody the patented invention described and claimed in the '056 Patent.

9. The Defendant's activities have been without express or implied license from Hedstrom.

10. The Defendants will continue to infringe the '056 Patent unless enjoined by this Court. As a result of the Defendants' infringing conduct, Hedstrom has suffered, and will continue to suffer, irreparable harm for which there is no adequate remedy at law. Hedstrom is entitled to preliminary and permanent injunctive relief against such infringement under 35 U.S.C. §283.

11. As a result of the infringement of the '056 Patent, Hedstrom has been damaged, will be further damaged, and is entitled to be compensated for such damages, pursuant to 35 U.S.C. §284 in an amount to be determined at trial.

12. The Defendants deliberately copied the ball design of Hedstrom knowing that said design is patented. This conduct warrants an award of treble damages, pursuant to 35 U.S.C. §284 and this is an exceptional case justifying an award of attorney fees to Hedstrom, pursuant to 35 U.S.C. §285.

WHEREFORE, Plaintiff prays for the following relief:

(a) A judgment that Defendants have infringed the '056 Patent;

(b) A judgment and order permanently restraining and enjoining the Defendants, their directors, officers, employees, servants, agents, affiliates, subsidiaries, others controlled by them, and all persons in active concert or participation with any of them, from further infringing the '056 Patent;

(c) A judgment and order requiring the Defendants to pay damages to Hedstrom to compensate it for Defendants wrongful infringing acts, in accordance with 35 U.S.C. §284;

(d) A judgment and order requiring the Defendants to pay increased damages up to three times, in view of their willful and deliberate infringement of the '056 Patent;

(e) A finding in favor of Hedstrom that this is an exceptional case, under 35 U.S.C. §285 and an award to Hedstrom of its costs, including its reasonable attorney fees and other expenses incurred in connection with this action;

(f) A judgment and order requiring the Defendants to pay Hedstrom pre-judgment interest under 35 U.S.C. §284, and post-judgment interest under 28 U.S.C. §1961, on all damages awarded; and

(g) Such other costs and further relief, to which Hedstrom is entitled.

Respectfully Submitted,

/s/ Daniel G. Findley
Daniel G. Findley    #0068640
Harpster, Vanosdall & Findley, LLP
60 West Second St., P.O. Box 127
Ashland, OH 44805
Phone: 419/289-6888; Fax 419/281-2461
Attorney for Plaintiff

## JURY DEMAND

Pursuant to F.R.C.P. Rule 38(b), Plaintiff demands a trial by jury on all issues.

Respectfully Submitted,

/s/ Daniel G. Findley
Daniel G. Findley    #0068640